EXHIBIT A

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
**JAURIGUE LAW GROUP**
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com

*Attorneys for Plaintiff*
ROSA QUINTEROS

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
06/28/2024 at 08:59:13 PM
By: Milagros Cortez,
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## ALAMEDA COUNTY

| | |
|---|---|
| ROSA QUINTEROS, an individual<br><br>    Plaintiff,<br><br>  v.<br><br>GRUMA CORPORATION; MISSION MEXICAN FOODS, INC.; and Does 1 through 50, inclusive,<br><br>    Defendants. | Case No. 24CV081848<br><br>**COMPLAINT**<br><br>1. Disability Discrimination in Violation of Cal. Gov. Code. § 12900 *et seq.* ("FEHA")<br>2. Failure to Provide Reasonable Accommodations in Violation of FEHA<br>3. Failure to Engage in Good Faith Interactive Process in Violation of FEHA<br>4. Retaliation in Violation of FEHA under 12940 (m)(2)<br>5. Failure to Prevent Discrimination, Harassment and/or Retaliation in Violation of FEHA<br>6. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

1.    Plaintiff Rosa Quinteros (hereinafter, referred to as "Plaintiff"), individually, brings this action against Defendants Gruma Corporation; Mission Mexican Foods, Inc., and Does 1 through 50, inclusive (hereinafter, referred to collectively as "Defendants") as follows:

*** PARTIES ***

2.    Plaintiff is, and at all times relevant to this action was, a resident of Alameda County, California.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendants Gruma Corporation is a corporation organized under the laws of the State of Nevada.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendants Mission Foods is a corporation organized under the laws of the State of California.

5.    Defendants Gruma Corporation at all times relevant herein, was and is conducting business in the state of California at 23423 Cabot Blvd, Hayward, CA 94545.

6.    Defendants Mission Mexican Foods Inc., at all times relevant herein, was and is conducting business in the state of California at 23423 Cabot Blvd, Hayward, CA 94545.

7.    Mission Mexican Foods, Inc. was a subsidiary of Gruma Corporation which then merged into Gruma Corporation.

8.    At all times relevant herein, Plaintiff was employed by Defendants in the County of Alameda, CA at 23423 Cabot Blvd, Hayward, CA 94545.

9.    Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

10.    Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

11.    Plaintiff is informed and believes and thereon alleges that at all relevant times each of the

2

COMPLAINT

Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was conducted.

12.     Plaintiff is further informed and believes and thereon alleges that all Defendants acted pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

13.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## *JURISDICTION AND VENUE*

14.     The amount of damages sought herein is greater than $35,000; hence this case is within the unlimited jurisdiction of this Court.

15.     At all times relevant herein, Plaintiff was a resident of the County of Alameda California.

16.     This Court has jurisdiction over Gruma Corporation because at all times relevant, it is and was authorized to transact, and is transacting business in Alameda County, California.

17.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Alameda County, California.

18.     Plaintiff has exhausted all of the administrative requirements for proceeding with his/her/their claims under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq.* (the "FEHA") by timely filing an administrative complaint against Defendants with the California Civil Rights Department ("CRD") on or around June 28, 2024, and receiving a Notice of Case Closure/Right-to-Sue Letter dated June 28, 2024  Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's CRD administrative complaint.  Attached hereto as **Exhibit 2** is a true and correct copy of

Plaintiff's CRD Notice of Case Closure/Right-to-Sue letter.

### GENERAL ALLEGATIONS

19.    Plaintiff was employed by Defendants in the position of Chip Packager from October 10, 2021, to July 5, 2022. She was compensated at an hourly rate of $20, and her job responsibilities included assembling the bag, packaging chips, depositing chips into bags, and sealing the bags. When she was hired, Plaintiff was made to sign an arbitration agreement, however, the arbitration agreement was the only hiring document presented in English rather than Spanish. Plaintiff is a native Spanish speaker and is not fluent in English, bringing the legitimacy of the arbitration agreement into question.

20.    On or around April 26, 2022, Plaintiff notified her HR representative Socorro Rose ("Rose") that she would have to take time off of work to undergo surgery. The surgery was for uterine removal following a complicated pregnancy. Rose gave her the paperwork Plaintiff needed to fill out Plaintiff completed the paperwork and also providing doctors' notes.

21.    On May 3, 2022, Plaintiff underwent her surgery. She needed to take six (6) weeks off of work because the surgery was major and potentially life-threatening. During this time, Plaintiff kept in contact with Rose and her supervisor, Petronilo (last name unknown), updating them on her condition. She returned to work on June 15, 2022, and worked the full week.

22.    On or around June 28, 2022, Plaintiff left work early and went to the ER after she became extremely sick and began vomiting and feeling feverish. Plaintiff believed she had contracted COVID-19. Petronilo had instructed her to leave early and said he would cover for her. While receiving treatment for her sickness, Plaintiff was also informed that she had several gallstones that would need removal.

23.    On or about June 29, 2022, Plaintiff texted Petronilo to inform him that she was still in the hospital and would not be coming to work. Plaintiff asked him to find somebody to cover for her while she was hospitalized. Plaintiff was placed on morphine from June 29, 2022, to July 1, 2022. The doctor gave her a note on July 2, 2022, demonstrating the hospitalization and stating she would need to be off work until July 9, 2022, which Plaintiff had her daughter personally hand-deliver to Rose.

24.    Plaintiff's daughter tried to deliver the doctor's note, but was told to have her mother call HR. Plaintiff did so, calling Rose. Rose was extremely upset and terminated Plaintiff over the phone.

Rose claimed that she was not getting enough work done and she had abandoned her position, attempting to disqualify her from unemployment benefits. She also told Plaintiff that there would be termination paperwork in the mail. Plaintiff was terminated before she was cleared to return to work.

25.    Plaintiff was terminated for due to her disability, having contracted severe COVID-19 and for being off work to recover from the removal of her gallstones. Defendants reasoning behind the termination is "excessive absenteeism," but according to the previously mentioned notes, her absences were justified due to the surgery/disability and due to her contracting COVID-19.

26.    As a result of Defendants' unlawful actions, Plaintiff has suffered a great deal of emotional distress.

### FIRST CAUSE OF ACTION

*Disability Discrimination in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

27.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

28.    Government Code section 12940(a) provides in relevant part:

> It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, mental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

29.    Defendants discriminated against Plaintiff based on Plaintiff's disability and history of disability.

30.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA. Defendants employed Plaintiff.

31.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

32.    Plaintiff's disability was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

33.    Plaintiff suffered harm when he/she/they was discriminated against and discharged by

Defendants.

34.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

35.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

36.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

37.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

38.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

39.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

40.    Government Code section 12940(m)(1) provides in relevant part:

It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

41.    California Code of Regulations, Title 2 section 11068 provides in relevant part:

(a)  Affirmative  Duty.  An  employer  or  other  covered  entity  has  an

6

COMPLAINT

affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.

. . .

(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

42.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

43.    Defendants employed Plaintiff.

44.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

45.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

46.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that he/she/they would be able to perform the essential job requirements.

Defendants refused to provide reasonable accommodations to Plaintiff. Defendants made no effort to reasonably accommodate Plaintiff, or even to find out what accommodations she may require. Instead, they wrongfully terminated her for needing to spend time in the hospital.

47.    Plaintiff suffered harm when he/she/they was denied a reasonable accommodation by Defendants.

48.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

49.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

50.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered

humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

51.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agent and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

52.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

*Failure to Engage in Good Faith Interactive Process in Violation of FEHA, Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

53.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

54.    Government Code section 12940(n) provides in relevant part:

> It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

55.    California Code of Regulations Title 2 section 11069 provides in relevant part:

> (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

8

COMPLAINT

56.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

57.    Defendants employed Plaintiff.

58.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

59.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

60.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that she/he/they would be able to perform the essential job requirements.

61.    Defendants refused to provide a reasonable accommodation to Plaintiff and failed to engage in a good faith interactive process.  Instead, they wrongfully terminated her for needing to spend time in the hospital to recover from her disabilities.

62.    At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements.

63.    Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process with Plaintiff.

64.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

65.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

66.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

67.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

68.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

*Retaliation in Violation of FEHA, Cal. Gov't Code § 12940(m)(2)*

*(On Behalf of Plaintiff Against All Defendants)*

69.     Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

70.     FEHA prohibits an employer from discriminating against or retaliating against an employee for requesting accommodations in the form of a leave for a disability.

71.     Defendants are employers bound by FEHA.

72.     Defendants employed Plaintiff.

73.     During Plaintiff's employment with Defendants, Plaintiff suffered from disabilities and requested accommodation as described herein.

74.     Plaintiff's disability limited Plaintiff's ability to participate in major life activities, including work.   Plaintiff was able to perform Plaintiff's essential job duties with reasonable accommodation(s) for Plaintiff's disability.

75.     Defendants knew that Plaintiff had a disability, which limited major life activities, including work, and/or treated Plaintiff as if Plaintiff had a disability which limited major life activities, including work.

76.     Plaintiff requested reasonable accommodations for her disabilities, including but not limited to work restrictions. Specifically, Plaintiff needed a leave due to surgery and contracted severe COVID-19 needed time off work to recover from removal of her gallstones.

77.     In violation of the FEHA, Defendants retaliated against Plaintiff because of Plaintiff's requests for reasonable accommodation in the form of a leave. On or about July 5, 2022, Defendants

terminated Plaintiff's employment.

78.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's requests for reasonable accommodation(s) were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment.

79.     Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were conscious of Plaintiff's right to accommodations in Plaintiff's employment under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

80.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

81.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

82.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

83.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

84.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

///

///

### *FIFTH CAUSE OF ACTION*

*Failure to Prevent Discrimination,  Harassment, and/or Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

85.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

86.    Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination[,] harassment [and/or retaliation] from occurring.

87.    Further, under applicable law, in addition to discrimination and harassment, retaliation is conduct forbidden by the FEHA and actionable under Government Code section 12940(k). *See*, *Taylor v. City of Los Angeles Dept. of Water & Power* (2006)144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158.

88.    Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation.

89.    Plaintiff suffered and continues to suffer harm as a result of Defendants' failure to prevent discrimination and retaliation.

90.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

91.    As a direct and proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

92.    As a direct and proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

93.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against

1    each of said Defendants.

2    94.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

3    fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

4    Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is

5    entitled to an award of reasonable attorneys' fees and costs.

6    *SIXTH CAUSE OF ACTION*

7    *Wrongful Termination in Violation of Public Policy (Tameny)*

8    *(On Behalf of Plaintiff Against All Defendants)*

9    95.    Plaintiff incorporates by reference all preceding allegations as though fully set forth

10   herein.

11   96.    Plaintiff's termination violates fundamental principles of public policy in that there is a

12   substantial and fundamental policy against terminating employees for unlawful purposes, including on

13   account of discrimination.

14   97.    Defendants employed Plaintiff.

15   98.    Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by

16   terminating her due to her disability.

17   99.    Plaintiff was harmed.

18   100.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

19   101.   In doing the acts described herein, Defendants deprived Plaintiff of prospective career and

20   employment opportunities, as well as other benefits, by failing to perform its duties to administer and

21   apply all State and local laws, procedures and regulations.

22   102.   As a proximate result of Defendants' willful, despicable, and intentional conduct towards

23   Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

24   103.   As a proximate result of Defendants' willful, despicable, and intentional conduct towards

25   Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of

26   such damages to be determined by proof at trial.

27   104.   The conduct of Defendants and each of them as described above was malicious, fraudulent,

28   or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each

of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

2. For an award of punitive damages as allowed by law;

3. For a declaratory judgment that Defendants has violated California public policy;

4. For an award of prejudgment and post-judgment interest;

5. For an award of reasonable attorneys' fees;

6. For all costs of suit; and

7. For an award of any other and further legal and equitable relief as the Court deems just and proper.


Dated: June 28, 2024                    JAURIGUE LAW GROUP

                                        *Michael Jaurigue*
                                        _____
                                        Michael J. Jaurigue
                                        S. Sean Shahabi
                                        *Attorneys for Plaintiff*
                                        ROSA QUINTEROS

COMPLAINT

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury as to all causes of action.


Dated: June 28, 2024                           JAURIGUE LAW GROUP


*Michael Jaurigue*
Michael J. Jaurigue
S. Sean Shahabi
*Attorney for Plaintiff*
ROSA QUINTEROS

COMPLAINT

# Exhibit 1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Rosa Quinteros                                    CRD No. 202406-25273829

                                Complainant,

vs.

GRUMA CORPORATION
23423 Cabot Blvd.
Hayward, CA 94545

MISSION MEXICAN FOODS, INC.
23423 Cabot Blvd.
Hayward, CA 94545

                                Respondents

_____

**1.** Respondent **GRUMA CORPORATION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **MISSION MEXICAN FOODS, INC.** business as Co-Respondent(s).

**3**. Complainant **Rosa Quinteros**, resides in the City of **,** State of **.**

**4.** Complainant alleges that on or about **July 5, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

Date Filed: June 28, 2024

CRD-ENF 80 RS (Revised 2024/05)

1

2

3

4

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied any employment benefit or privilege, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

5

6

7

8

9

**Additional Complaint Details:** 1. Complainant was employed by Respondents in the position of Chip Packager from October 10, 2021, to July 5, 2022. She was compensated at an hourly rate of $20, and her job responsibilities included assembling the bag, packaging chips, depositing chips into bags, and sealing the bags. When she was hired, Complainant was made to sign an arbitration agreement, however, the arbitration agreement was the only hiring document presented in English rather than Spanish. Complainant is a native Spanish speaker and is not fluent in English, bringing the legitimacy of the arbitration agreement into question.

10

11

12

2. On or around April 26, 2022, Complainant notified her HR representative Socorro Rose ("Rose") that she would have to take time off of work to undergo surgery. The surgery was for uterine removal following a complicated pregnancy. Rose gave her the paperwork Complainant needed to fill out Complainant completed the paperwork and also providing doctors' notes.

13

14

15

3. On May 3, 2022, Complainant underwent her surgery. She needed to take six (6) weeks off of work because the surgery was major and potentially life-threatening. During this time, Complainant kept in contact with Rose and her supervisor, Petronilo (last name unknown), updating them on her condition. She returned to work on June 15, 2022, and worked the full week.

16

17

4. On or around June 28, 2022, Complainant left work early and went to the ER after she became extremely sick and began vomiting and feeling feverish. Complainant believed she had contracted COVID-19. Petronilo had instructed her to leave early and said he would cover for her. While receiving treatment for her sickness, Complainant was also informed that she had several gallstones that would need removal.

18

19

20

5. On or about June 29, 2022, Complainant texted Petronilo to inform him that she was still in the hospital and would not be coming to work. Complainant asked him to find somebody to cover for her while she was hospitalized. Complainant was placed on morphine from June 29, 2022, to July 1, 2022. The doctor gave her a note on July 2, 2022, demonstrating the hospitalization and stating she would need to be off work until July 9, 2022, which Complainant had her daughter personally hand-deliver to Rose.

21

22

23

24

6. Complainant's daughter tried to deliver the doctor's note, but was told to have her mother call HR. Complainant did so, calling Rose. Rose was extremely upset and terminated Complainant over the phone. Rose claimed that she was not getting enough work done and she had abandoned her position, attempting to disqualify her from unemployment benefits. She also told Complainant that there would be termination paperwork in the mail. Complainant was terminated before she was cleared to return to work.

25

7. Complainant was terminated for due to her disability, having contracted severe COVID-19 and for being off work to recover from the removal of her gallstones . Respondents

26

27

28

Date Filed: June 28, 2024

reasoning behind the termination is "excessive absenteeism," but according to the previously mentioned notes, her absences were justified due to the surgery/disability and due to her contracting COVID-19.

8. As a result of Respondents' unlawful actions, Complainant has suffered a great deal of emotional distress.

*Complaint – CRD No. 202406-25273829*

Date Filed: June 28, 2024

CRD-ENF 80 RS (Revised 2024/05)

VERIFICATION

I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 28, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, CA**

-4-

*Complaint – CRD No. 202406-25273829*

Date Filed: June 28, 2024

CRD-ENF 80 RS (Revised 2024/05)

# Exhibit 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 28, 2024


Michael Jaurigue
300 W Glenoaks Blvd., Suite 300
Glendale, CA 91202

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202406-25273829
       Right to Sue: Quinteros / GRUMA CORPORATION et al.

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

                                                                                                KEVIN KISH, DIRECTOR
**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 28, 2024

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202406-25273829
       Right to Sue: Quinteros / GRUMA CORPORATION et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 28, 2024

Rosa Quinteros

,

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202406-25273829
Right to Sue: Quinteros / GRUMA CORPORATION et al.

Dear Rosa Quinteros:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective June 28, 2024 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days

CRD - ENF 80 RS (Revised 2024/05)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>GRUMA CORPORATION; MISSION MEXICAN FOODS, INC.; and Does 1 through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ROSA QUINTEROS, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>06/28/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ M. Cortez _____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda - Rene C. Davidson Courthouse<br>1225 Fallon St., Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>24CV081848 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| DATE: *(Fecha)* 06/28/2024  Chad Finke, Executive Officer / Clerk of the Court | Clerk, by *(Secretario)* _Jaurigue Corey_ , Deputy *(Adjunto)* |
|---|---|
| | M. Cortez |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/28/2024<br>Chad Fike, Executive Officer/Clerk of the Court<br>By: _M. Cortez_ Deputy<br>M. Cortez |
| PLAINTIFF:<br>ROSA QUINTEROS, | |
| DEFENDANT:<br>GRUMA CORPORATION et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV081848 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 11/15/2024    Time: 9:00 AM    Dept.: 17 | |
| Location: Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 | |

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

06/28/2024

Chad Finke, Executive Officer/Clerk of the Court

By: _M. Cortez_ Deputy
M. Cortez

PLAINTIFF/PETITIONER:
ROSA QUINTEROS,

DEFENDANT/RESPONDENT:
GRUMA CORPORATION et al

## CERTIFICATE OF MAILING

CASE NUMBER:
24CV081848

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

MICHAEL J. JAURIGUE
JAURIGUE LAW GROUP
300 WEST GLENOAKS BLVD., SUITE 300
Glendale, CA 91202

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/01/2024                    By:

M. Cortez, Deputy Clerk

**CERTIFICATE OF MAILING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/28/2024<br>Clad Fluke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>M. Cortez |
| PLAINTIFF(S):<br>ROSA QUINTEROS, | |
| DEFENDANT(S):<br>GRUMA CORPORATION et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>24CV081848 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Frank Roesch |
| DEPARTMENT: | 17 |
| LOCATION: | Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6933 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept17@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period required by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE ASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Frank Roesch
DEPARTMENT 17

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

M. Cortez, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO:

NAME: Michael J. Jaurigue (SBN 208123); S. Sean Shahabi (SBN 204710)

FIRM NAME: Jaurigue Law Group

STREET ADDRESS: 300 W. Glenoaks Blvd., Suite 300

CITY: Glendale                                    STATE: CA      ZIP CODE: 91202

TELEPHONE NO.: (818) 630-7280          FAX NO.: (888) 879-1697

E-MAIL ADDRESS: service@jlglawyers.com; michael@jlglawyers.com; sean@jlglawyers.com

ATTORNEY FOR (Name): Rosa Quinteros

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA

STREET ADDRESS: 1225 Fallon St.

MAILING ADDRESS: 1225 Fallon St.

CITY AND ZIP CODE:      Oakland 94612

BRANCH NAME: Rene C. Davidson Courthouse

Plaintiff/Petitioner: Rosa Quinteros

Defendant/Respondent: Gruma Corporation, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>24CV081848 |
|---|---|

TO (insert name of party being served): Gruma Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2024

Lance Go

(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒ A copy of the summons and of the complaint.

2. ☒ Other *(specify)*:

    Civil Case Cover Sheet, Alternative Dispute Resolution (ADR), Notice of Case Assignment, Notice of Case Management Conference

*(To be completed by recipient)*:

Date this form is signed: September 10, 2024

Dan M. Forman

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|